# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 18-2486 R (SS)                    Date: May 21, 2018
                                                 Page 1 of 8

Title:      Randy Real v. People of California

---

DOCKET ENTRY:   **ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED AS SUCCESSIVE AND UNTIMELY**

---

PRESENT:

### HONORABLE SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE

| Marlene Ramirez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:       ATTORNEYS PRESENT FOR DEFENDANTS:

   None Present                           None Present

**PROCEEDINGS: (IN CHAMBERS)**

On March 18, 2018,[1] Randy Real, a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254, challenging his 2001 conviction. (Petition at 1). Petitioner previously filed a federal habeas petition on June 7, 2004, case number CV 04-4043 R (JTL) ("Prior Petition"), which challenged the same 2001 conviction. The Petition appears to be successive and untimely.

---

[1] Under the "mailbox rule," a pleading filed by a pro se prisoner is deemed filed as of the date the prisoner delivered it to prison authorities for mailing, not the date on which the pleading may have been received by the court. See Houston v. Lack, 487 U.S. 266, 270 (1988); Anthony v. Cambra, 236 F.3d 568, 574–75 (9th Cir. 2000). Here, the Court uses the date the Petition was signed as the constructive filing date. (See Petition at 15). Throughout this Order, the Court cites the Petition and its attachments as if they were consecutively paginated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 18-2486 R (SS) | Date: May 21, 2018 |
| | Page 2 of 8 |

Title:     Randy Real v. People of California

**PROHIBITION ON SUCCESSIVE PETITIONS**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA prohibits a second or successive petition absent permission by the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); see also Burton v. Stewart, 549 U.S. 147, 152 (2007) (per curiam) (AEDPA states that "before filing [a second or successive habeas] application in the district court, a prisoner 'shall move in the appropriate court of appeals for an order authorizing the district court to consider the application' ") (quoting 28 U.S.C. § 2244(b)(3)(A)); Tyler v. Cain, 533 U.S. 656, 661 (2001) ("AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."). Thus, "[i]f [a] prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions." Tyler, 533 U.S. at 661 (emphasis in original) (citation omitted).[2]

The instant Petition challenges the same 2001 conviction that Petitioner previously challenged in his Prior Petition, which was dismissed with prejudice on June 23, 2005. Randy Real v. A. Calderon, Warden, No. CV 04-4043 R (JTL) (C.D. Cal.) (Dkt. Nos. 37 (Report and Recommendation), 38 (Order Adopting Report and Recommendation), 40 (Judgment dismissing Prior Petition with prejudice)). The Petition contends that Petitioner is entitled to habeas relief from his 2001 conviction because of (1) new evidence showing that he is actually innocent, (2) prosecutorial misconduct through the presentation of false

---

[2]     "One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. The other is for certain claims relying on new rules of constitutional law." Tyler, 533 U.S. at 661–62 (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-2486 R (SS)                    Date: May 21, 2018
                                                Page 3 of 8

Title:   Randy Real v. People of California

testimony, (3) denial of Petitioner's right to assistance of counsel at trial and appeal, and (4) denial of an evidentiary hearing. (Petition at 16–17). Thus, the instant Petition appears to be successive.[3]

Petitioner must therefore obtain permission from the Ninth Circuit before this Court can adjudicate his challenge to his 2001 conviction, or to any other prior conviction for which he previously sought federal habeas relief. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Indeed, even if Petitioner qualifies for an exception to AEDPA's bar on claims raised in successive petitions, he must still receive permission from the Ninth Circuit before filing a petition in this Court. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court."). Based on the Court's review of the docket, Petitioner has not requested or received permission from the Ninth Circuit to file the Petition. Therefore, the Court lacks jurisdiction to adjudicate Petitioner's habeas challenge to his 2001 conviction. See Burton, 549 U.S. at 157 (because "Burton neither sought nor received authorization from the Court of Appeals before filing his [successive] petition, . . . the District Court was without jurisdiction to entertain it").

**THE PETITION MAY ALSO BE UNTIMELY**

AEDPA also imposes a specific time limit on the filing of federal habeas petitions. See Rhines v. Weber, 544 U.S. 269, 274 (2005). By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences."

---

[3]   Petitioner filed another federal habeas petition on July 24, 2009 ("2009 Habeas Petition"), which was denied without prejudice on January 14, 2010, as successive. Randy Real v. J. Walker, Warden, No. CV 09-5392 R (SS) (C.D. Cal.) (Dkt. Nos. 11 (Report and Recommendation), 22 (Order Adopting Report and Recommendation), 23 (Judgment dismissing action without prejudice)).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-2486 R (SS)                              Date: May 21, 2018
                                                           Page 4 of 8

Title:    Randy Real v. People of California

Woodford v. Garceau, 538 U.S. 202, 206 (2003). Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions. The one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1) begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition. 28 U.S.C. § 2244(d)(1)(A). A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review." Id. The California Court of Appeal affirmed Petitioner's conviction on February 6, 2003. (Petition at 2); see People v. Real, No. B154473, 2003 WL 253942 (Cal. Ct. App. Feb. 6, 2003). The California Supreme Court then denied his petition for review on April 16, 2003. (Petition at 2); see California Appellate Court Case Information website, Cal., Case No. S113835, at http://appellatecases.courtinfo.ca.gov.[4] Because Petitioner did not file a certiorari petition

---

[4] The Court takes judicial notice of state court documents relevant to the disposition of this case. See Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   CV 18-2486 R (SS)                    Date: May 21, 2018
                                                Page 5 of 8

Title:     Randy Real v. People of California

in the United States Supreme Court (see Petition at 3), the judgment became final ninety days later, on July 15, 2003. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999) (holding that the period of "direct review" for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); see also Sup. Ct. R. 13.1 (allowing a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed "within 90 days after the entry of judgment"). Absent tolling, the limitations period began to run on July 16, 2003, and expired a year later on **July 16, 2004**. The instant Petition was not filed until March 18, 2018. Therefore, absent tolling, the Petition may be untimely by nearly fourteen years.[5]

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); accord Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005). When a petition is untimely, it is not "properly filed" and AEDPA's statute of limitations will not toll. Pace, 544 U.S. at 417. Moreover, if a petition is untimely, then "none of the time before or during the court's consideration of that petition is statutorily tolled." Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005). In addition, the time prior to collateral review is not subject to statutory tolling. See Thorson v. Palmer, 479 F.3d 643, 646 (9th Cir. 2007).

Here, Petitioner claims that he filed his first state habeas petition in the Los Angeles County Superior Court on February 26, 2016, and that the Superior Court denied the petition on March 16, 2017. (Petition at 3). Petitioner filed a second state habeas petition before the California Court of Appeal on April 6, 2017, which the court "summarily denied" on

---

take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).

[5]   In denying the 2009 Habeas Petition as successive, the Court also noted that the 2009 Habeas Petition was likely untimely. See Randy Real v. J. Walker, Warden, No. CV 09-5392 R (SS) (C.D. Cal. Nov. 3, 2009) (Dkt. No. 11, Report and Recommendation at 4 n.3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 18-2486 R (SS)                        Date: May 21, 2018
                                                    Page 6 of 8

Title:     Randy Real v. People of California

September 26, 2017. (Petition at 4); see California Appellate Court Case Information website, Cal. Ct. App. 2nd Dist., Case No. B281891, at http://appellatecases.courtinfo.ca.gov. Finally, Petitioner filed a third state habeas petition before the California Supreme Court on October 24, 2017, which the court denied on January 10, 2018,[6] with a citation to People v. Duvall, 9 Cal. 4th 464, 474 (1995), which observes that a petition for writ of habeas corpus must include copies of reasonably available documentary evidence. (Petition at 4–5); see California Appellate Court Case Information website, Cal., Case No. S245145, at http://appellatecases.courtinfo.ca.gov.

It appears that Petitioner's state habeas petitions were filed after the limitations period expired in July 2004, and they therefore do not provide grounds for statutory tolling. Larsen v. Soto, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.") (citation omitted). Petitioner's response to this Order should provide any additional facts that would meet his burden of demonstrating that he is entitled to statutory tolling. See, e.g., Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").

In addition to statutory tolling, the limitations period may also be subject to equitable tolling if Petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way. See Holland v. Florida, 560 U.S. 631, 649 (2010). "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and brackets omitted). Petitioner has not alleged any facts indicating that he may be entitled to equitable tolling. Petitioner's response to this Order should identify any facts that would permit him to demonstrate that he is entitled to equitable tolling. See Miranda v. Castro,

---

[6] Petitioner contends that this petition was denied on February 5, 2018. (Petition at 5).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     CV 18-2486 R (SS)                          Date: May 21, 2018
                                                        Page 7 of 8

Title:       Randy Real v. People of California

292 F.3d 1063, 1065 (9th Cir. 2002) (a habeas petitioner bears the burden of proof to demonstrate that he is entitled to equitable tolling). Petitioner is advised that nothing in this OSC is a dispositive ruling. The Magistrate Judge will rely on Petitioner's response, however, as well as other evidence in the record and the applicable law in her recommendation to the District Judge.

## CONCLUSION

Based upon the Petition as currently submitted, 28 U.S.C. § 2244(b)(3)(A) appears to bar Petitioner's challenge to his 2001 conviction as successive. Petitioner therefore is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend that the Petition be dismissed without prejudice as successive.

Moreover, 28 U.S.C. § 2244(d)(1) appears to bar this action as untimely. Petitioner therefore also is **ORDERED TO SHOW CAUSE**, within fourteen (14) days of the date of this Order, why this Court should not recommend dismissal of this action pursuant to the AEDPA's one-year period of limitation. Petitioner further is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

Petitioner may satisfy this Order to Show Cause by filing a response and/or declaration setting forth any reason the instant Petition is not barred as successive or untimely.

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge. This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order to Show Cause, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience. Petitioner, however, is advised that any dismissed claims may be later subject to the**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.    CV 18-2486 R (SS)                    Date: May 21, 2018
                                                 Page 8 of 8

Title:    Randy Real v. People of California

**statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that failure to timely file a response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute. See Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order to Show Cause on Petitioner at his current address of record.

IT IS SO ORDERED.