# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY REAL,<br><br>  Petitioner,<br><br>  v.<br><br>PEOPLE OF CALIFORNIA,<br><br>  Respondent. | Case No. CV 18-2486 R (SS)<br><br>**ORDER ACCEPTING FINDINGS,**<br>**CONCLUSIONS AND RECOMMENDATIONS**<br>**OF UNITED STATES MAGISTRATE**<br>**JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections. After having made a _de novo_ determination of the portions of the Report and Recommendation to which Objections were directed, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge. The Court also denies Petitioner's request in the Objections to transfer the Petition to the Ninth Circuit Court of Appeals for consideration as an application for permission to file a second or successive petition.

The transfer of civil actions among federal courts to cure jurisdictional defects is governed by 28 U.S.C. § 1631. Transfer is appropriate under section 1631 if three conditions are satisfied: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice. See Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (section 1631 applies in habeas proceedings).

It is widely recognized that "[w]hen a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from [the court of appeals], the district court may transfer the matter to [the court of appeals] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." In re Cline, 531 F.3d 1249, 1252–53 (10th Cir. 2008); see also Walters v. Ignacio, 97 F. App'x 751, 752 (9th Cir. 2004) (rejecting claim that district court erred in dismissing successive petition rather than transferring it to Ninth Circuit); Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (district court may either dismiss an unauthorized successive petition for lack of jurisdiction or transfer it to the circuit court pursuant to section 1631); Jones v. Braxton, 392 F.3d 683, 691 (4th Cir. 2004) (same); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (same).

Here, transfer would not be in the interest of justice. The Petition appears to be untimely, as Petitioner is challenging his

2001 state court conviction for attempted murder. (See Report and Recommendation, Dkt. No. 8, at 7 n.1). Although Petitioner claims that he is actually innocent, the majority of the claims in the Petition arise from the purported legal insufficiency of his conviction and do not show Petitioner's factual innocence. See Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) ("'[A]ctual innocence means factual innocence, not mere legal insufficiency.'") (quoting Bousley v. United States, 523 U.S. 614, 623 (1998)).

Petitioner's freestanding actual innocence claim likewise appears deficient. Pursuant to 28 U.S.C. § 2244(b)(2)(B), a claim that was not presented in a prior petition "shall be dismissed unless" the applicant demonstrates that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." See Pizzuto v. Blades, 673 F.3d 1003, 1007-10 (9th Cir. 2012) (new freestanding actual innocence claim subject to § 2244(b)(2)).

Petitioner submits the declaration of a party in his car on the night of the incident who claims that he, not Petitioner, shot the victim. Petitioner fails to make a prima facie showing of diligence because he "does not satisfactorily explain the

delay in obtaining [his cohort's] declaration, and because he omitted the freestanding innocence claim from his [first habeas] petition." Johnson v. Williams, 650 F. App'x 508, 511 (9th Cir. 2016) (citing Gage v. Chappell, 793 F.3d 1159, 1166 (9th Cir. 2015)). Moreover, the declaration does not make a prima facie showing of factual innocence. At best, it contradicts the testimony of the numerous eyewitnesses who testified that Petitioner shot the victim approximately ten times with a rifle. See Real v. Calderon, CV 04-4043 R (JTL) (Report and Recommendation, Dkt. No. 37-1, at 2-3). The declaration "does not make a prima facie showing that no reasonable factfinder would have found [Petitioner] guilty" of attempted murder. Johnson, 650 F. App'x at 511 (emphasis added).

Accordingly, the Court declines to transfer the Petition to the Ninth Circuit "in the interest of justice." However, because dismissal is without prejudice, Petitioner is not precluded from directly filing an application with the Ninth Circuit for authorization to file a successive petition.

**IT IS ORDERED** that the Petition is denied and Judgment shall be entered dismissing this action without prejudice.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Petitioner at his address of record.

     **LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   June 28, 2018

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE